IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

UNITED STATES OF AMERICA and the
INTERNAL REVENUE SERVICE,

    Applicants,

vs.                                                            Civ. No. 02-877 JP/JHG

TEMPEST TECHNICAL SERVICES, INC.,

    Respondent.

## MEMORANDUM OPINION AND ORDER

On April 11, 2002, the Court entered an Order to Show Cause (Doc. No. 2) which ordered the Respondent to show cause why it should not comply with and obey three Internal Revenue Service summonses served upon James Czel, President of Tempest Technical Services, Inc., on September 6, 2001. The Court also entered a Stipulated Order Regarding Proposed Briefing Schedule (Doc. No. 4) on May 20, 2002 which set forth the briefing schedule related to the April 11, 2002 Order to Show Cause.[1]

The Respondent, through Mr. Czel, responded to the April 11, 2002 Order to Show Cause on June 19, 2002 by filing Respondent's Motion to Dismiss for Want of Jurisdiction (Doc. No. 6). On July 24, 2002, the Court entered a second Order to Show Cause (Doc. No. 13) ordering the Respondent to retain counsel by August 26, 2002 as required under D.N.M. LR-Cv 83.7, or else provide good cause for not retaining counsel. On August 14, 2002, the Applicants responded to the Respondent's response to the April 11, 2002 Order to Show Cause. *See*

---

[1]The briefing schedule required: 1) the Respondent to respond to the Order to Show Cause by June 19, 2002; 2) the Applicants to respond to the Respondent's response by August 19, 2002; and 3) any reply by the Respondent to be made by September 5, 2002.

Applicants' Reply to Response to Order to Show Cause (Doc. No. 16). On August 26, 2002, the Respondent responded to the July 24, 2002 Order to Show Cause by describing Mr. Czel's unsuccessful attempts to retain counsel.

A. The April 11, 2002 Order to Show Cause

Although the Respondent has not had an opportunity to reply to the merits of the Applicants' response as provided by the stipulated briefing schedule, the Court has nonetheless reviewed the Respondent's response for compliance with the Local Rules. The Respondent's response violates D.N.M. LR-Cv 7.7 (page limitation of motion and supporting brief), 10.5 (page limitation of exhibits) and 10.6 (highlighting of exhibits). The Court will, therefore, not consider the Respondent's response to the April 11, 2002 Order to Show Cause.

B. The July 24, 2002 Order to Show Cause

Having reviewed the Respondent's response to the July 24, 2002 Order to Show Cause, the Court finds that the Respondent has not shown good cause for its failure to comply with the requirement under D.N.M. LR-Cv 83.7 that a corporate party be represented by counsel. The purpose of D.N.M. LR-Cv 83.7 is to avoid legal and procedural mistakes that could seriously harm a corporate party's case. The Respondent's response to the April 11, 2002 Order to Show Cause is an example of the kind of avoidable mistakes a non-lawyer can make in attempting to represent a corporation.

IT IS ORDERED that:

1. the Respondent is granted an extension period until September 16, 2002 to file and serve a response to the April 11, 2002 Order to Show Cause which complies with the Local Rules;

2. the Applicants will have until September 30, 2002 to file and serve a reply to the Respondent's response; and

3. the Respondent must obtain counsel by no later than September 16, 2002 in order to comply with the July 24, 2002 Order to Show Cause.

_____
CHIEF UNITED STATES DISTRICT JUDGE