IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

UNITED STATES OF AMERICA and the
INTERNAL REVENUE SERVICE,

    Applicants,

vs.                                                                                 Civ. No. 02-877 JP/JHG

TEMPEST TECHNICAL SERVICES, INC.,

    Respondent.

## MEMORANDUM OPINION AND ORDER

On April 11, 2002, the Court entered an Order to Show Cause (Doc. No. 2) which ordered the Respondent to show cause why it should not comply with and obey three Internal Revenue Service summonses served upon James Czel, President of Tempest Technical Services, Inc., on September 6, 2001. The Court also entered a Stipulated Order Regarding Proposed Briefing Schedule (Doc. No. 4) on May 20, 2002 which set forth the briefing schedule related to the April 11, 2002 Order to Show Cause. The stipulated briefing schedule ordered that "a written response to the Order to Show Cause, or motions, if any, will be filed and served by June 19, 2002, responses will be filed and served by August 19, 2002, and replies will be filed and served by September 5, 2002."

The Respondent, through Mr. Czel, responded to the April 11, 2002 Order to Show Cause on June 19, 2002 by filing Respondent's Motion to Dismiss for Want of Jurisdiction (Doc. No. 6). On July 16, 2002, the Respondent, through Mr. Czel, filed Respondent's <u>Notice</u> that U.S. Attorney Iglesias and AUSA Weisman Have Failed to File a Timely Response to Respondent's Motion to Dismiss Pursuant to Rules of Court <u>& Demand</u> for Immediate Dismissal With Prejudice

(Notice) (Doc. No. 10). On July 23, 2002, the Court entered an Order (Doc. No. 12) rejecting and denying the Respondent's Notice as well as admonishing Mr. Czel for filing the Notice. The Court explained that the time for the Applicants to file and serve their response brief was set forth in the stipulated briefing schedule. The Court further explained that the stipulated briefing schedule superceded the time periods set forth in D.N.M. LR-Cv 7.6(a). The Respondent, through Mr. Czel, then filed on July 29, 2002, Respondent's Motion for Reconsideration and Clarification of its Order Dated on or about 7/23/2002 (Doc. No. 14).

The Respondent does not specify the particular rule of procedure under which it moves for reconsideration. However, the Tenth Circuit has stated that regardless of how it is styled, a motion questioning the correctness of a judgment made within ten days of the filing of the judgment will be treated as a motion under Fed. R. Civ. P. 59(e). *Phelps v. Hamilton*, 122 F.3d 1309, 1323 (10th Cir. 1997). Because the Respondent's motion to reconsider and clarify was filed within ten days of the July 23, 2002 Order, Rule 59(e) controls.

A Rule 59(e) motion for reconsideration "'should be granted only to correct manifest errors of law or to present newly discovered evidence.'" *Id.* at 1324 (quoting *Committee for the First Amendment v. Campbell*, 962 F.2d 1517, 1523 (10th Cir. 1992)). Rule 59(e) may not be used "to relitigate old matters, or to raise arguments or present evidence that could have been raised prior to judgment." 11 Wright, Miller & Kane, *Federal Practice and Procedure Civil 2d* §2810.1 at 127-28 (1995). In determining what is manifest error for purposes of Rule 59(e), courts have found that mere disagreement with a court's findings does not constitute manifest error. *See, e.g., Hutchinson v. Staton*, 994 F.2d 1076, 1082 (4th Cir. 1993); *F.D.I.C. v. Cage*, 810 F.Supp. 745, 747 (S.D. Miss.1993). In light of their narrow purpose, Rule 59(e) motions are

2

seldom granted. 11 Wright, Miller & Kane, *Federal Practice and Procedure Civil 2d* §2810.1 at 128. The district court is vested with considerable discretion in determining whether to grant or deny a Rule 59(e) motion. *Phelps*, 122 F.3d at 1324.

The Respondent essentially makes two substantive arguments in support of the motion to reconsider and clarify. First, the Respondent argues that it did not stipulate that the time periods for briefing described in the Local Rules would be superceded by the stipulated briefing schedule with respect to a motion to dismiss for lack of jurisdiction. The stipulated briefing schedule, however, clearly applies to motions as well as to the Respondent's response to the April 11, 2002 Order to Show Cause. Second, the Respondent appears to be arguing that by rejecting and denying the Respondent's Notice, the Court is interfering with the Respondent's procedural rights under the Federal Rules of Civil Procedure. This is not the case. The Federal Rules of Civil Procedure remain in full effect with respect to the Respondent's motion to dismiss. The Respondent has failed to show that it is entitled to relief under Rule 59(e).

IT IS ORDERED that Respondent's Motion for Reconsideration and Clarification of its Order Dated on or about 7/23/2002 (Doc. No. 14) is denied.

_____
CHIEF UNITED STATES DISTRICT JUDGE